PETER HOLLYWOOD AND WIFE v. PHILLIP WELLHAUSEN.

Decided March 26, 1902.

**1.—Assignments of Error—Briefs.**

Where there are no assignments of error in the record, and necessarily none copied in the briefs, a motion to strike out the briefs must prevail unless the errors complained of therein are fundamental.

**2.—Statement of Facts—Conclusions.**

Where the statement of facts was filed after the term of court and without an order allowing such filing, it can not be considered, and the conclusions of fact of the trial court must necessarily be followed.

**3.—Tax Sale—Double Assessment—Erroneous Description.**

Where the owner of a town lot paid the taxes thereon under his rendition giving the lot and block number, but not the name of the addition, and the assessor placed the same lot, with the name of the addition, on the unrendered roll, and it was sold for the taxes thus assessed against an unknown owner, the case was one within the terms of the statute as to double assessment through erroneous description, and the sale for taxes was void. Sayles' Civ. Stats., art. 52321.

.4.—Same—Assessment—Unknown Owner—Homestead—Possession.

The owner of land who is in the actual possession of it as his homestead can not be deprived of his title by a suit for delinquent taxes assessed against an unknown owner, and without actual notice of such suit, since his possession charges the officers with notice of his ownership.

Appeal from Lavaca. Trial below before Hon. M. Kennon.

*Smart & Miller,* for appellant.

*Leonard & Wallace* and *Leonard & Gray,* for appellee.

FLY, ASSOCIATE JUSTICE.—This is an action of trespass to try title, instituted by appellee to recover of appellants lot number 6, block number 1, Mahon addition to the town of Yoakum, Lavaca County, Texas. Appellee claimed under a tax deed, and, the cause being tried by the court, judgment was rendered for appellee.

There are no assignments of error in the record, and, necessarily, none copied in the briefs, and there is a motion to strike out the briefs, which must prevail, unless the errors complained of therein are fundamental. In that case they should be considered in the absence of assignments of errors. Rules 23 and 24 for Courts of Civil Appeals. The statement of facts was filed after the adjournment of court, and there being no order allowing such filing it can not be considered, and our conclusions of fact must necessarily follow those of the lower court.

In January, 1896, the tax assessor of Lavaca County assessed lot 6 of block No. 1, Mahon addition to the town of Yoakum, to an unknown owner for the taxes of 1896. During the same year appellant Peter Hollywood rendered the property for taxation as "lot No. 6, block No. 1, Yoakum, Lavaca County, Texas," omitting the words "Mahon addition." The land in controversy at the time belonged to appellants and was then and is now their homestead. Appellants paid the taxes assessed for 1896 on the lot they had rendered for taxation. In April, 1897, a judgment regular in every respect was obtained against the unknown owner, who was duly cited and represented by an attorney appointed by the court, for the said taxes, amounting to $2.25 for 1896, and foreclosing a tax lien on said lot 6 as well as lot 9 in block 1, Mahon addition to Yoakum. Under the judgment the land was regularly sold and bought by appellee. More than two years had elapsed from the time of the sale to the institution of this suit. Although it is found by the trial judge that "Lot No. 6, block No. 1, Yoakum, Lavaca County, Texas," with "Mahon addition" omitted, was "an entirely different property from that described in this suit," there is no finding tending to show that it was or that there was any other lot 6, in a block 1, in the town of Yoakum. The trial judge found: "That the said property was the homestead of defendants during the entire year 1896 up to and including date of the filing of this suit. That this fact was known to the tax assessor and the county attorney of Lavaca County at the assessment

of said property in the name of unknown owner, and the filing of said tax suit and at the rendition of said tax suit judgment."

In rule 23 for courts of civil appeals it is provided that in the absence of assignments of error the court will not consider "any error but one of law that may be apparent upon the record, if the judgment is one that could legally have been rendered in the lower court and affirmed in the appellate court."

The suit for taxes against the unknown owner was brought by virtue of chapter 5a, Sayles' Statutes, which was passed in 1897. After fully and clearly setting forth the mode of procedure in the collection of delinquent taxes, it is provided in article 5232-1, that "Real estate which may have been rendered for taxes and paid under erroneous description given in assessment rolls, or lands that may have been doubly assessed and taxes paid on one assessment, or lands which may have been assessed and taxes paid thereon in a county other than the one in which they are located, or lands which may have been sold to the State and upon which taxes have been paid and through error not credited in the assessment rolls, shall not be deemed subject to the provisions of this chapter."

Under the article quoted none of the provisions of the law embodied in chapter 5a had any application to the land of the appellant. He had assessed it, and had paid the taxes on it. The fact of the assessment must have been known to the assessor, and when the suit was brought and the affidavit made that the land belonged to some unknown owner, the court found that the assessor and county attorney knew that it was the homestead of appellants. Knowing these facts the suit was filed, process was obtained for unknown owners by the affidavit of the county attorney, and the homestead of appellants sold for taxes which they did not owe. They had done all required of them by law in rendering their property for taxation and then paid the taxes, but because they failed to append to the description of the property two words, "Mahon addition," they were adjudged to have lost their land, although the representatives of the State knew what land was meant, and although there is no fact found that would tend to establish that the description was not all that should have been required. It can not be reasonably held that the failure to attach "Mahon addition" to the description of the land showed that a different lot was rendered for taxation by appellants from the one assessed to an unknown owner by the assessor. There was, as before stated, no proof that there were other lots 6 in block 1 in Yoakum than the one in the Mahon addition. We are of the opinion that under the facts there was no law under which the suit for the taxes could be prosecuted and the judgment obtained foreclosing a lien on the property was null and void, and that it could be attacked under a plea of not guilty, and that the error in the judgment will be noticed here in the absence of assignments of error.

In the case of Blair v. Cisneros, 10 Texas, 35, the action was instituted by Mrs. Cisneros as administratrix of the estate of her deceased hus-

band against one claiming under the heirs of said husband. The court held "that facts went to show that the property was not open to administration; that it had by law vested in the heirs, and that the appointment was consequently a nullity, and these are objections to the foundation of the action, and in fact to the validity of the entire proceeding." It was held that a plea of not guilty raised the issue.

In the case of City of Laredo v. Russell, 56 Texas, 398, it was said: "The error is a fundamental error which goes to the merits of the plaintiff's cause of action, and will be considered whether assigned as error or not, where the justice of the case seems to require it."

The position necessarily of the court below was that a district court is given jurisdiction over all cases in which a report has been made that delinquent taxes are due on a tract of land, and that a judgment obtained in such case can not be collaterally attacked. This is undoubtedly true, so long as the district court acts within the scope and authority of the statute. As said in the tax case of Eastman v. Linn (Minn.), 2 Northwestern Reporter, 693: "The only jurisdiction which the district court could acquire or exercise in rendering these judgments was a special and statutory one. It had no authority by virtue of its common law powers or general jurisdiction to entertain the proceedings or do what it did in the premises." Again, in the dissenting opinion of Judge Vanderburgh, of Minnesota, in the case of Chauncey v. Wass, 30 Northwestern Reporter, 826, it is said: "The power to proceed to enforce taxes against property must be upon express authority, and whatever jurisdiction or authority the court has in the premises it takes directly from the statute."

It follows, therefore, that unless the facts in this case brought the tax suit clearly within the purview of the statute that the proceeding was null and void, and the judgment was open to attack in any judicial proceeding. The statute expressly says that real estate erroneously assessed on which the taxes have been paid, or lands that have been doubly assessed and the taxes paid on one assessment, both of which conditions, according to the findings of fact, exist in this case, shall not be deemed subject to the provisions of the chapter on collection of delinquent taxes. There would have been no reason for the enactment of the article in question if it was intended merely to designate defensive matter that could be interposed by a defendant, and the language is such not to admit of such construction. Had it been intended as a provision to indicate what defensive matter might be pleaded by a defendant it would have said so, and would not have used terms of express exemption from the provisions of the chapter. This strongly appears from the latter part of article 5232 of Sayles' Statutes, where it is provided: "In all suits for taxes due, the defendant shall be entitled to credits he can show due him for any year or number of years for which he may be able to produce receipts," etc.

For some reason the Legislature deemed it proper and expedient to

exempt from the law for the collection of delinquent taxes certain real estate, and while it might be argued that where a man's property has been properly rendered and the taxes paid, that it should also be exempted, the answer is the Legislature did not so provide, but placed the latter class of conditions under the head of defensive matter which must be urged in the trial of the proceeding to collect the taxes.

There is no doubt in the minds of this court that had there been no exemptions in the statute, and the judgment for the taxes had been rendered after a full compliance with the requirements of the statute, that however great a hardship it might entail and however unjust and unconscionable it might appear that appellant could not have attacked the validity of the judgment in this proceeding, but, under the conditions surrounding his property, there was no statute justifying a suit, and the judgment for the taxes was consequently null and void.

The case of Chauncey v. Wass, 30 Northwestern Reporter, 826, hereinbefore adverted to, was one in which a judgment was obtained on service by publication on land on which the taxes had been paid, and under the provisions of the statute it was held that the payment was defensive matter which should have been set up on the trial, and that the judgment was not open to collateral attack. This decision was made by virtue of a provision of the statute to the effect that "it shall always be a defense in such proceedings, when made to appear by answer and proofs, that the taxes have been paid, or that the property is not subject to taxation." The decision even under that provision of the statute was by a divided court, and the dissenting opinions are strong and well considered. Still we think under the statutes of Minnesota the majority opinion was correct. It was held, however, in that case that a tax judgment may, in a collateral action, be assailed for want of jurisdiction in spite of a provision that the same presumption in favor of the regularity and validity of a tax judgment shall be deemed to exist as in respect to other judgments in civil actions.

It is provided in article 5119, Revised Statutes, that the assessor may, when property has not been rendered for taxation, assess the same to the unknown owner, if he is unknown. In this case the assessor knew the owner of the lot in controversy and knew that he was occupying it as his homestead, and there are numerous authorities which hold that an assessment made to an unknown owner when the owner is known or could be ascertained is void. See 25 Am. and Eng. Enc. of Law, p. 213, title "Taxation," where a list of authorities is given.

In the case of Whitney v. Thomas, 23 New York, 281, it was said: "But the assessors have no jurisdiction to assess except as the statute prescribes; and unless they pursue the directions of the statute, the assessment is unauthorized and void." It was held that a sale under an assessment made to one other than the owner was null and void.

The judgment is reversed and here rendered in favor of appellant.

*Reversed and rendered.*

ON MOTION FOR REHEARING.

It is contended by appellee that there is no evidence that appellants paid the taxes on lot 6, block 1, of the Mahon addition, and not only does he ignore the existence of a statement of facts in the record but denies its existence. We find, however, a statemnt of facts in the record properly authenticated and duly filed, and therein is found the admission by appellee that Peter Hollywood and wife during 1896, and ever since, have occupied lot 6 in block 1, Mahon addition to the city of Yoakum as their homestead, and Peter Hollywood swore that he paid the taxes on the lot for 1896, and offered in evidence receipt for State and county taxes, which was ruled out by the court. His statement that he paid the taxes was not excluded, however, and it was uncontradicted. The court found that appellants paid taxes for the year 1896 on lot No. 6, in block No. 1, Yoakum, Texas, but says, although the receipt was excluded, that it "does not show that it was upon the lot in question." There was no attempt to show that there was any other lot 6 in block 1 in Yoakum, and the judgment depriving appellants of their homestead, on which they have lived and paid taxes since 1890, rests on a finding that "lot 6 in block 1, Mahon addition, Yoakum," is a different parcel of land from "lot 6 in block 1, Yoakum."

There is absolutely no question as to the identity of the land. Peter Hollywood swore that he owned lot 6 in block 1, Mahon addition, and had owned and lived on it for ten years; that he probably omitted "Mahon addition" from its description in rendering it for taxation. That he owned no other lot 6, block 1, except the one in question, and that he paid the taxes on that lot for 1896. The deed conveying the lot to Peter Hollywood was introduced in evidence, and it described it as "lot No. 6 in block No. 1, Mahon addition to the City of Yoakum, Lavaca County, Texas."

An agreement of the parties to this appeal has been filed, in which it appears that the conclusions of fact as to the knowledge of the officers of the ownership of the property is incorrectly copied into the record, and that the finding was that the tax assessor and county attorney did not know that appellants were occupying the land as their homestead when the suit was filed and the judgment rendered in the tax suit. That change in the record does not alter the decision in this case.

Appellants were in possession of the land when the suit for taxes was instituted and had been for ten years, and the State of Texas was charged with knowledge of such possession, and the officers representing the State had no basis for the affidavit that the owner was unknown. If no one had been in possession of the land, the judgment against the unknown owner might bind the owner, but we can not subscribe to the doctrine that a man in possession of his homestead can be deprived of his title by a suit against an unknown owner. If the rule should prevail that a man occupying his homestead can be dispossessed of the same

through a suit against an unknown owner of which he has no actual notice, no citizen could feel secure in the title to his property.

Inadvertently in writing this opinion on rehearing the statement of facts was considered, but setting aside all consideration of the statement of facts the fact of possession of the land by appellants is involved in the finding that the lot was their homestead. The opinion of this court is the same without the statement of facts as with it.

The motion is overruled.

*Overruled.*

Writ of error refused.