OPIELA v. MANKA. (No. 5587.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 26, 1916. Rehearing Denied Feb. 23, 1916.)

APPEAL AND ERROR ☞254—ERROR APPARENT OF RECORD—OBJECTION.

Where an exception was erroneously sustained to plaintiff's first amended petition, on the ground that it did not state an action within the jurisdiction of the county court, and all costs accruing up to and including such petition were assessed against plaintiff, the error is one apparent of record which will be corrected, though plaintiff did not then except or except on trial to a similar order, or raise the matter in his motion for new trial; the petition clearly showing that it stated a cause of action within the jurisdiction of the county court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1486, 1487; Dec. Dig. ☞254.]

Error from Karnes County Court; C. L. Bell, Judge.

Action by Frank C. Opiela against Frank Manka. There was a judgment for plaintiff, but all costs up to and including the first amended petition to which exceptions were sustained were assessed against plaintiff, and he brings error. Reversed and rendered.

M. B. Little, of Alto, for plaintiff in error. Williamson & Klingemann, of Karnes City, and A. J. Prichard, of Asherton, for defendant in error.

FLY, C. J. Plaintiff in error, who was plaintiff in the court below, has prosecuted this writ of error from a judgment in his favor for $125, but in which all costs accruing up to and including the first amended petition, to which exceptions were sustained, were assessed against plaintiff. In the order sustaining the exceptions to the first amended petition, the costs were assessed as indicated, and, in the final judgment from which the writ of error is prosecuted, the costs accruing prior to the filing of the second amended petition were again assessed against plaintiff. From that judgment this writ of error has been perfected.

No exception was taken to the action of the court in assessing the costs against plaintiff, and no motion for a new trial was filed. It is recited in the judgment that the court had no jurisdiction of the amount set out in the first amended petition, and that is given as the reason why the costs up to that time were assessed against plaintiff in error. The first amended petition clearly alleges a cause of action for $205 actual and $500 punitory damages, a sum undoubtedly within the jurisdiction of the county court. A sum in excess of $1,000 could not have been arrived at except by doubling the punitory damages. This was probably done because the punitory damages are mentioned in the body of the petition and again in the prayer, but in the latter only $705 damages actual and exemplary are prayed for. The order was clearly

erroneous, but it was not objected to when first done, nor later when the aftermath of costs was repeated in the final judgment, and the question is presented as to whether this court has the power to pass upon the error.

The record clearly and unequivocally indicates the error and is one that we believe an appellate court should correct even in the absence of any exception being reserved in the lower court. The injustice of it is apparent, especially when the record shows that the costs assessed against plaintiff amount to more than the amount recovered by him. The error is one of law apparent of record, and no notice for new trial was required. Hollywood v. Wellhausen, 28 Tex. Civ. App. 541, 68 S. W. 329. We are unwilling to allow such an injustice as would be sustained by plaintiff, if technical rules were strictly enforced, to prevail, and, exercising that broad power inherent in every court to promote the ends of justice and right, we will reverse the judgment of the lower court and here render judgment that plaintiff recover of defendant the sum of $125, together with interest at 6 per cent. per annum thereon from August 20, 1914, together with all costs in this behalf in the lower court as well as in this court.

Reversed and rendered.