## LOWE et al. v. JOHNSON. (No. 1030.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 26, 1924. Rehearing Denied March 26, 1924.)

**1. Judgment ⬅═➡725(1)—Judgment of Court of Civil Appeals, reversing judgment removing county judge for alleged misconduct, held res adjudicata in action on bond of substituted county judge.**

Judgment of Court of Civil Appeals, reversing district court's judgment removing a county judge and dismissing the petition in removal proceedings authorized by Rev. St. art. 6049, for alleged misconduct, such judgment of reversal being predicated on the insufficiency of the petition to give court jurisdiction, in that the petition was not verified as required by article 6042, *held* res adjudicata, without regard to the truth of the grounds of misconduct alleged, on the question of right to recover in an action by such removed county judge against the substituted county judge and the sureties on his bond, executed pursuant to article 6049, on the theory that, if a petition in removal proceedings is not sufficient to invoke the jurisdiction of the court in which it is filed, the removal becomes unlawful.

**2. Judgment ⬅═25—County judge assuming office under void judgment held estopped to deny its validity in action by removed county judge on bond of former.**

In an action by removed county judge against a county judge and the sureties on his bond, executed pursuant to Rev. St. art. 6049, on defendant's appointment to, and plaintiff's removal from, such office by a judgment of district court (subsequently reversed) in removal proceedings under that article, defendants *held* estopped to deny validity of the judgment of district court, though the latter was without jurisdiction of the subject-matter, where that judgment was the source of authority under which defendant county judge executed the duties and enjoyed the benefits of that office.

On Motion for Rehearing.

**3. Judges ⬅═➡37—Liability on bond of county judge conditioned to pay damages sustained by temporary removal of another judge stated.**

Where in proceedings to remove a county judge pursuant to Rev. St. art. 6049, the judge appointed by temporary order did not execute a new bond when the order of appointment was made final, his occupancy of the office was by force of the temporary order in view of article 6049, so that, in an action by the removed judge on obtaining a reversal of judgment of removal against the county judge and the sureties on his bond, conditioned to pay all damages that plaintiff might sustain by reason of such temporary removal, defendants were liable on the bond for the entire period of codefendant's occupancy of office of county judge.

---

Appeal from District Court, Tyler County; J. M. Combs, Judge.

Action by W. A. Johnson against G. C. Lowe and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Coleman & Lowe and Mooney & Smith, all of Woodville, for appellants.

Morris & Barnes, of Beaumont, and Robt. A. Shivers, of Port Arthur, for appellee.

WALKER, J. This suit was instituted by appellee against appellants G. C. Lowe and his bondsmen, to recover of them the amount of official fees and salary paid Judge Lowe during the time he was executing the duties of county judge of Tyler county, Tex., under the order of removal made by the district judge of that county, by the terms of which Judge Johnson was removed as county judge, and Judge Lowe appointed to the vacancy. Appellee pleaded that the orders of removal, both temporary and permanent, were void, that he appealed from the judgment of the court on the issues of permanent removal, and that this court reversed the judgment of the trial court and dismissed the case from the docket of the court.

Appellants answered by general demurrer, certain special exceptions, general denial, and a special plea of good faith on the part of Judge Lowe in qualifying and executing the duties of the office.

On a trial to a jury, appellee offered in evidence plaintiffs' petition in the removal case, Judge Lowe's official bond, and the opinion and mandate of this court reversing the judgment of removal and dismissing the case. Appellants offered no evidence. Thereupon the trial court instructed a verdict in appellee's favor for the amount as shown by an agreement of the parties to have been paid Judge Lowe during his incumbency.

For a full and complete statement of the facts in the case under which Judge Johnson was removed, and a discussion of the legal principals involved therein, see W. A. Johnson, Appellant, v. J. A. Mooney et al., Appellees (Tex. Civ. App.) 241 S. W. 308.

Because of appellants' delay in filing their briefs, we have been compelled to strike them from the record, but as they have suggested the same propositions as constituting fundamental error, with which constructions of their propositions we agree, we have deemed it our duty to review their assignments.

Opinion.

[1] Article 6049, Revised Civil Statutes, provides:

"At any time after the issuance of the order for the citation, as herein provided, the district judge may, if he sees fit, suspend temporarily from office the officer against whom the petition is filed, and appoint for the time being some other person to discharge the duties of the office; but in no case shall such suspension take place until after the person so appointed shall execute a bond in such sum as the judge may name, with at least two good and sufficient sureties, on such conditions as the judge may see fit to impose, to pay the person so suspended from office all damages and costs that he may sustain by reason of such suspension from office, in case it should appear that the cause or causes of removal are insufficient or untrue."

Appellants insist that appellee could have judgment only on a showing that the causes of removal were insufficient or untrue; it being their construction of the language of the statute that "cause or causes," as these words are used in the statute, have reference only to the grounds of misconduct charged in the petition, and as their petition did set forth statutory grounds of removal, and as no proof was offered that such statutory allegations were untrue, a verdict should have been entered in their favor. We do not concur in this construction of the statute. We believe it means that the petition must be sufficient to invoke the jurisdiction of the court. If it does not invoke the jurisdiction of the court in which it is filed, then the removal becomes unlawful. In Judge Johnson's appeal from the order removing him, we held that the jurisdiction of the district court was not invoked by relators' petition, from which construction it follows that the order of removal as made by the district judge was absolutely void. Hollywood v. Wellhausen, 28 Tex. Civ. App. 541, 68 S. W. 329; Railway Co. v. Rayzor, 106 Tex. 544, 172 S. W. 1103.

If the removal of Judge Johnson was unlawful and made upon a petition that did not invoke the jurisdiction of the court, our disposition of that case becomes res adjudicata of Judge Johnson's right to recover herein. He rested under no burden of showing that the allegations of misconduct were untrue.

[2] But the suggestion occurs that, as the order of removal was void, it does not afford a ground of recovery in Judge Johnson's favor against Judge Lowe and his bondsmen. A sufficient answer to this proposition is to say that appellants invoked this void judgment, entered upon the discharge of official duties thereunder and relied upon it as the source of the authority under which Judge Lowe executed the duties of county judge of Tyler county. Having invoked this judgment and enjoyed its benefits, appellants are now estopped to deny its legality. Boulder & Weld County Ditch Co. v. Lower Ditch Co., 22 Colo. 115, 43 Pac. 540; Arthur v. Israel, 15 Colo. 147, 25 Pac. 81, 10 L. R. A. 693, 22 Am. St. Rep. 381. This is the rule, even when the court is without jurisdiction of the subject-matter of the litigation. Denver v. Middaugh, 12 Colo. 434, 21 Pac. 565, 15 Am. St. Rep. 234.

But, even if a liability exists against Judge Lowe, the bondsmen claim that the judgment against them is excessive, because

the recovery was for the entire period of Judge Lowe's occupancy, while under the conditions of their bond they were liable only while he was serving under the temporary appointment. The bond was conditioned "that the said Grover C. Lowe will pay the said W. A. Johnson all damages and costs that he may sustain by reason of such temporary removal or suspension from office in case it should appear that the cause or causes of removal are insufficient or untrue." The bondsmen contend that, as it appears on the face of the record that Judge Johnson was removed by the district judge on the 26th day of May, 1921, under an order of temporary removal, and that the case was tried on its merits and a permanent order of removal made therein on the 2d day of August, 1921, no liability exists against them for fees received by Judge Lowe subsequent to the time of final judgment, and that recovery against them should be limited to the fees received by Judge Lowe from the 26th day of May to the 2d of August.

We agree with the bondsmen that their liability cannot be extended beyond the conditions of their bond; that is, beyond the time Judge Lowe was in office under the order of temporary removal. This proposition is well stated in American Surety Co. v. Gaskill's Administrator, 85 Vt. 358, 82 Atl. 218, where it is said:

"It is clearly the doctrine of this line of cases [citing First National Bank v. Briggs, Assignee, 37 Atl. 231, 37 L. R. A. 845; Treasurer v. Mann, 80 Am. Dec. 688] that, when the appointment is to a permanent office having a definite and limited term, the obligation of the surety will not be extended beyond the term for which the appointment is made by general words contained in the condition of the bond, even though there is a corporate or statutory provision which continues the appointee in office beyond the term in default of a successor."

But, in this case, it is our conclusion that Judge Lowe performed the duties of county judge of Tyler county during all the period of his occupancy of that office under and by force of the order of temporary removal. It was this order that took Judge Johnson out of office. It was this order that installed Judge Lowe in the office. The final judgment, on its merits, was suspended by Judge Johnson's appeal, and was no protection or authority to Judge Lowe. Standing alone, that judgment would not have removed Judge Johnson, and, had no other order ever been made, he would have remained in the possession of his office, and in the enjoyment of its emoluments during all the period of that litigation. Therefore, as we understand the law of this case, the sureties on the bond, executed under and by virtue of the temporary order, must be held liable to Judge Johnson for the full amount of his damages, and it is accordingly so ordered.

The judgment of the trial court is in all things affirmed.

### On Motion for Rehearing.

There is nothing in the record on this appeal to indicate that appellee, Johnson, appealed the case of Johnson v. Mooney by writ of error or appeal bond, nor was it our intention in anything said in our original opinion to find to the contrary. Appellants complain that we have given appellee the benefit of the doctrine of estoppel without any plea to that effect on his part. Appellee fully pleaded the facts on which we base the estoppel, and it would have added nothing to the force of this plea for him to have designated those facts as an estoppel, especially in view of his prayer for general relief. We do not think that we erred in holding that the disposition made by us of the case of Johnson v. Mooney was res adjudicata of this appeal. We there held that the district court was without jurisdiction to enter the orders of removal, and, as this case was based on the facts of that case, our disposition therein became res adjudicata.

[3] We do not think that we are in error in holding that Judge Lowe was exercising the duties of his appointment under the temporary order. Under article 6049, it is clearly provided that the suspension of Judge Johnson could not be given effect until Judge Lowe had duly executed a bond. He did execute a bond under the temporary order, and there is no showing that he executed a bond under the permanent order. Therefore, if we correctly understand article 6049, Judge Lowe was without authority to exercise any of the privileges and duties of the office of county judge under the permanent judgment, because the necessary bond had not been executed by him.

We have given the very able argument of appellants our most careful consideration, but are of the opinion that the case was correctly disposed of on its original submission.

The motion for rehearing is therefore in all things overruled.