

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Dan W. Jackson
District Attorney
Houston, Texas

ATTENTION: Mr. Conrad J. Landram
Assistant District Attorney

Dear Sir:

Opinion No. 0-5655
Re: Construction of
Article 7338 V.C.S.
where taxpayer renders
property under erroneous
description and pays taxes
thereon.

We are in receipt of your letter of September 27,
1943, the pertinent part of which we quote below, in which
you request an opinion from this department as follows:

"Will you be so kind as to render us an official
opinion on the following questions relating to the con-
struction of Article 7338, Chapter 10, Title 122, De-
linquent Taxes, Vernon's Civil Statutes Annotated:

"1. Does Article 7338 apply to the following
state of facts:

"A taxpayer makes a voluntary rendition of
his property under an erroneous description which
in fact describes property not owned by him and
pays taxes on the erroneous assessment. In the
instant case, the erroneous description is Lot 18,
Block 110, South Houston, which he did not own,
instead of Lot 18, Block 160 South Houston, which
he did own. The taxpayer claims that he has called
this error to the attention of the office of the
assessor but that the property gets back on the
rolls under the erroneous description and the tax-
payer inadvertently failed to note the erroneous
description in the list prepared by the office of
the Assessor for his signature; but we cannot
assume for the purposes of this opinion that this
fact has been established.

Honorable Dan W. Jackson    page 2

"2. Is such payment a discharge of the taxes on the property actually owned by the taxpayer? Are the taxes delinquent on the property actually owned by the taxpayer notwithstanding this payment?

"3. If such payment discharges the taxes, must this be plead defensively in a tax foreclosure suit in a district court, not having yet been filed, or may the Commissioners' Court correct the rolls so as to show that the taxes have been paid? This question involves the proper procedure where taxes appearing on the delinquent roll as delinquent have in fact been paid."

The answer to your question involves the construction of Article 7338, Ch. 10, Title 122, Delinquent Taxes, V.C.S., Ann. For convenience we quote this statute insofar as relevant to this opinion, as follows:

"Real estate which may have been rendered for taxes and paid under erroneous description given in assessment rolls, or lands that may have been duly assessed and taxes paid on one assessment, or lands which may have been assessed and taxes paid thereon in a county other than the one in which they are located, or lands which may have been sold to the State and upon which taxes have been paid and through error not credited in the assessment rolls, shall not be deemed subject to the provisions of this chapter."

The main question is whether or not in view of this article of the statutes the taxpayer under the circumstances outlined in your letter has in truth and in fact paid his taxes, although upon an erroneous description in his assessment.

We are of the opinion that although this taxpayer erroneously described the property actually owned by him in his rendition, or the Assessor erroneously described it, he nevertheless by virtue of article 7338 supra, is protected and has paid his taxes as effectively as though he had paid them upon a correct description of the land actually owned by him. As we view it this article of the statute was enacted by the Legislature for the express purpose of taking care of a situation such as presented in your letter. If it is not susceptible of this construction then to our minds it is more or less meaningless and ineffective in accomplishing the purpose which we think the Legislature had in mind in its enactment.

Honorable Dan W. Jackson    page 3

We believe that our views are sustained by judicial authority as hereinafter pointed out. In the case of Downs et ux v. Wilson (Galveston Court of Civil Appeals) 183 S. W. 803, the court there construed and applied Article 7694 which is Article 7338 of the present codification with which we are here concerned, where it was contended by a mortgagee that he was entitled by virtue of the provisions of the deed of trust permitting the acceleration of the entire indebtedness upon the failure to pay taxes by the mortgagor before they became delinquent to foreclose his lien because the mortgagor had failed to pay taxes before they became delinquent; in other words, it was contended that the mortgagor had failed to pay his taxes, although he had paid taxes upon the land owned by him under an erroneous description. The Court of Civil Appeals did not sustain this view, but expressed what we think is the correct application of this statute in the following language:

"Appellee's contention is that as the tax assessment and receipt for payment of taxes for the years 1913 and 1914 show that appellants assessed and paid taxes on the land situated on the T. Walker and John Moore leagues, and does not show that he assessed any land on the Wingfield survey, so much of the land as was on the Wingfield survey was not assessed nor the taxes paid thereon for said years, and that therefore appellee had the right, under the terms of said deed of trust, to declare all of the notes given by appellants to her due and payable, and to bring her suit at the time she did, and that the suit was not therefore prematurely brought. Article 7694, Revised Statutes of 1911, provides that, real estate which may have been rendered for taxes and paid under erroneous description given in assessment rolls shall not be deemed subject to the further payment of taxes, and shall not be held delinquent as to payment of taxes, under the provisions of chapter 15 of said statutes, relating to the assessment and collection of taxes. We do not think that it can be reasonably contended, and certainly not justly contended, that the collector of taxes for Grimes county would be authorized, under the law above referred to, to accept payment of taxes due by appellants upon their said defective assessment when tendered and for which he had issued his receipt, and then thereafter collect a second tax upon the property so defectively assessed, because said property had not been assessed in strict conformity with the law. Under the law the payment of the taxes upon the 140 acres of land by Downs though under a defective or erroneous description, was

Honorable Dan. W. Jackson    page 4

a full discharge of the taxes due on said land (McMichle v. Rochelle, 125 S.W. 74; Hollywood v. Wellhausen, 28 Civ. App. 541, 68 S.W. 329)"

We think to the same effect is the holding in the case of Hollywood v. Wellhausen, 68 S. W. 329(SanAntonio Court of Civil Appeals) in which a writ of error was denied. This was an action in trespass to try title by Wellhausen, the appellee in the case, who prevailed in the trial court, who claimed under a tax deed, where it was contended that Hollywood, the appellant had not paid the taxes although he had made an erroneous assessment and paid taxes thereon. The court held that the taxes had been paid, and accorded to him the protection of the statute as it then existed, which is in the same language as it is now, Article 7338, supra. In disposing of the matter the court said:

". . .The suit for taxes against the unknown owner was brought by virtue of chapter 5a, tit. 104 Sayles' Ann. Civ. St., which was passed in 1897. After fully and clearly setting forth the mode of procedure in the collection of delinquent taxes, it is provided in article 5232 I. that 'real estate which may have been rendered for taxes and paid under erroneous description given in assessment rolls, or lands that may have been doubly assessed and taxes paid on one assessment, or lands which may have been assessed and taxes paid thereon in a county other than the one in which they are located, or lands which may have been sold to the state and upon which taxes have been paid and through error not credited in the assessment rolls, shall not be deemed subject to the provisions of this chapter.' Under the article quoted, none of the provisions of the law embodied in chapter 5a had any application to the land of the appellant. He had assessed it, and had paid the taxes on it. The fact of the assessment must have been known to the assessor, and when the suit was brought, and the affidavit made that the land belonged to some unknown owner, the court found that the assessor and county attorney knew that it was the homestead of appellants. Knowing these facts, the suit was filed, process was obtained for unknown owners by the affidavit of the county attorney, and the homestead of appellants sold for taxes which they did not owe. They had done all required of them by law, in rendering their property for taxation, and then paid the taxes; but because they failed to append

Honorable Dan W. Jackson      page 5

to the description of the property two words, 'Mahon addition,' they were adjudged to have lost their land, although the representatives of the state knew what land was meant, and although there is no fact found that would tend to establish that the description was not all that should have been required. It cannot be reasonably held that the failure to attach 'Mahon addition' to the description of the land showed that a different lot was rendered for taxation by appellants from the one assessed to an unknown owner by the assessor. There was, as before stated, no proof that there were other lots 6 in block 1 in Yoakum than the one in the Mahon addition. We are of the opinion that under the facts, there was no law under which the suit for the taxes could be prosecuted, and the judgment obtained, foreclosing a lien on the property, was null and void, and that it could be attacked under a plea of not guilty, and that the error in the judgment will be noticed here in the absence of assignments of error."

We think the case of Texas & G. Railway Co. v. Hall et ux., 125 S. W. 71 (Texarkana Court of Civil Appeals) sustains the views expressed by us in principle, although the facts are not altogether similar. In this decision the court in effect held that there was a sufficient description and that the description in the assessment could not be necessarily classified as an erroneous description.

It follows from what we have said above that your first question is answered in the affirmative. And that the first part of your second question, namely, "Is such payment a discharge of the taxes on the property actually owned by the taxpayer," is answered in the affirmative; and that the second part of that question, "Are the taxes delinquent on the property actually owned by the taxpayer notwithstanding this payment," should be answered in the negative.

We do not deem it necessary that any suit be filed to correct the situation, for we believe that this provision of the statute is by force of its own terms sufficient protection to the taxpayer. Since in law the taxes have actually been paid by the taxpayer, we believe the commissioners' court has the authority to correct the delinquent rolls to show this fact, but whether the correction is made or not, the State

Honorable Dan W. Jackson     page 6

and county cannot recover the taxes against this taxpayer and a suit would be a more futile gesture.  In other words it is a right inherent in the law itself, and not as a mere defensive right that the taxpayer would have in the event that suit should be filed against him.

Trusting that this will satisfactorily answer your questions, we are

Very truly yours

APPROVED OCT 29, 1943          ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT
ATTORNEY GENERAL          By          L. P. Loller
                                             Assistant

LPL:ned

APPROVED
OPINION
COMMITTEE