Louise C. ROWEN et al., Appellants,

v.

Albert W. HAUPTMANN et al., Appellees.

No. 3663.

Court of Civil Appeals of Texas.

Eastland.

Nov. 24, 1961.

Louise C. Rowen, Galveston, for appellant.

Butler, Binion, Rice & Cook, Houston, for appellee.

GRISSOM, Chief Justice.

This is a suit in trespass to try title by Albert W. Hauptmann et al. against Louise C. Rowen et al. In a trial to the court, judgment was rendered for the plaintiffs and defendants have appealed. There are no findings of fact or conclusions of law. The plaintiffs are the legal representatives, heirs and devisees of Gustaf Adolph Hauptmann and wife, deceased. Gustaf Adolph Hauptmann was the owner of the land in controversy when judgment was rendered in Brazoria County in 1932, purporting to foreclose a tax lien. The defendants are the heirs at law and devisees of C. C. Callaway, deceased, who obtained a quit claim deed from Prude, who purported to have title by mesne conveyances from the purchaser at the sale under a tax judgment.

The following facts are either undisputed or we must presume they existed and the court so found, to-wit, Gustaf Adolph Hauptmann of Dallas, Texas, at the time of said tax suit held the record title to said property. In the deed to him, which was recorded in the county of the tax suit, it was recited that he was a resident of Dallas, Texas. He timely rendered said land for assessment for taxes in Brazoria County for 1928. The land was carried on the assessment rolls of said county for said year in the name of G. A. Hauptmann of a certain street address in Dallas, Texas. The taxes on said land for said year were paid by said Hauptmann before they became delinquent and a tax receipt was issued showing he had paid them. Taxes on said land were assessed in the name of G. A. Hauptmann of Dallas, Texas, and were paid by him, or one or more of the plaintiffs in this suit, each year before they became delinquent from 1913 to and including 1960. Gustaf Adolph Hauptmann resided in Dallas, Texas, from 1899 until his death in 1939. He never resided in Lynchburg, Virginia. He did not know of the pendency of said tax case.

█ █ The defendant named and cited in said tax case was Gustaf Adolph Hauptmann of Lynchburg, Virginia. Gustaf Adolph Hauptmann of Dallas, Texas, was not a defendant and he was not served with citation. We think it is apparent from the record that Gustaf Adolph Hauptmann of Dallas, Texas, who was the record owner and whose said address was shown on the tax rolls and deed records of said county when said tax suit was filed was not a party to said suit, was not cited, and, therefore, neither he nor his property were bound by said judgment. Scales v. Wren, 103 Tex.

304, 127 S.W. 164; Hill & Jahns v. Lofton, Tex.Civ.App., 165 S.W. 67, 70, (Writ Ref.). This alone would sustain the judgment. However, appellees say, and we think correctly, that all of appellants' points are predicated upon the assumption that Gustaf Adolph Hauptmann of Dallas, Texas, was a party to said tax suit and was cited; that the tax judgment is voidable only and that Hauptmann's present suit is a collateral attack upon said tax judgment. Appellants say that even if said assumed facts were true that the court did not have jurisdiction of the tax suit and the judgment is void. This contention is based upon the conclusions that the authority to maintain a tax suit and foreclose a tax lien is derived solely from the statute and that under the circumstances said Hauptmann and his land were exempted by the statute that authorizes tax suits. When the tax suit was filed G. A. Hauptmann had duly rendered his land for taxes and timely paid them for the year in question, to-wit,

1928. In the chapter of the statutes on taxation which authorizes tax suits there is Article 7338 which exempts real estate under certain circumstances from the authority granted. One of the exemptions is stated to be "lands that may have been duly assessed and taxes paid on one assessment * * * shall not be deemed subject to the provisions of this chapter." The record owner was not a party to the tax suit and not cited. The statutory exemption from the authority granted by Chapter 10, Title 122, of the Revised Civil Statutes for maintenance of suits is shown to be applicable. The suit was, therefore, not authorized. The court did not have authority or jurisdiction to render the tax judgment. The tax judgment was void. Hollywood v. Wellhausen, 28 Tex.Civ.App. 541, 68 S.W. 329, (Writ Ref.); Mote v. Thompson, Tex. Civ.App., 156 S.W. 1105, 1109, (Writ Ref.); Hill & Jahns v. Lofton, Tex.Civ.App., 165 S.W. 67, 71, (Writ Ref.). The judgment is affirmed.