

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

November 22, 1966

Honorable Joe Resweber          Opinion No. C-781
County Attorney
Harris County Courthouse        Re:  Back assessment of real estate
Houston, Texas  77002                for ad valorem taxes.

Dear Mr. Resweber:

      You ask our opinion in answer to four questions.  We answer them in the order in which they are asked.  All Articles of the statutes hereinafter referred to are Articles of Vernon's Civil Statutes.

1.

      Your first question is:

> "Is it mandatory that the County Tax
> Assessor-Collector back assess newly dis-
> covered improvements, in the case where
> the land was on the tax rolls and was pre-
> viously assessed and the taxes paid thereon?"

Our answer is "No, the property cannot be back assessed."

      We assume that the taxes on the realty upon which the improvements are located were properly assessed and that such improvements constitute a part of the realty.

      Real property for purposes for ad valorem taxation includes all buildings, structures, improvements, and fixtures thereon.  Article 7146 and 7319.

      Articles 7207, 7346, and 7347 require the tax assessor to "back" assess any real property which has been omitted from the tax rolls.

      However, your question relates not to land which was omitted from the tax rolls but rather to the under valuation of land which is on the tax rolls.  Therefore, Articles 7207, 7346, and 7347 have no application.

The land and the improvements thereon having been duly assessed for taxes and such taxes paid, the state and county may not now, under any guise, make any claim for taxes against the land for the years in question. Article 7338, in its pertinent portion, prohibits any claims or demands for additional taxes under these circumstances; it reads:

". . . lands that may have been duly assessed and taxes paid on one assessment, . . . shall not be deemed subject to the provisions of this chapter. . . ."

The chapter in which this Article 7338 is found relates to delinquent taxes and their collection. Our position is supported by Rowen v. Hauptmann, 352 S.W.2d 158 (Tex.Civ. App. 1961).

It was the duty of the assessor to inform himself of the value of the property and it was also the duty of the Board of Equalization to do the same thing. The law conclusively presumes, in the absence of fraud or illegality, that the value determined by a Board of Equalization is correct and is final and the value assigned by that Board cannot subsequently be questioned and is binding on the taxing bodies. State v. Mallet Land & Cattle Co., 126 Tex. 392, 88 S.W.2d 471 (1935); State v. Houser, 138 Tex. 28, 156 S.W.2d 968 (1941); McMickle v. Rochelle, 125 S.W. 74 (Tex.Civ.App. 1910); Ramey v. City of Tyler, 45 S.W.2d 359 (Tex.Civ.App. 1932). The valuation placed upon real estate and its improvements by the Board of Equalization when such value was materially less than the true value of the property was held to be final in State v. Chicago, R. I. & G. Ry. Co., 263 S.W. 249 (Comm.App. 1924, in which 241 S.W. 255, Tex.Civ.App. 1922, was affirmed).

2.

Your second question is:

"Is it mandatory that the tax office charge penalty and interest on back assessments of real property?"

Our answer is "Yes".

It is mandatory that the tax office charge a penalty as provided by Article 7347, and interest as provided in Article 7348. Attorney General's Opinion V-166 (1947).

3.

Your third question is:

"In the situation where real property is actually located in Harris County, but taxes thereon have been assessed and paid in the adjoining county, can the Harris County Tax Assessor back assess said real property, for County tax purposes?"

Our answer is "Yes".

The following excerpt from Frost v. Fowlerton Consolidated School Dist. No. 1, 111 S.W.2d 754 (Tex.Civ.App. 1937) is helpful in discerning the intent of the Legislature under these circumstances. The court quoted from another jurisdiction, as follows:

". . . The property of respondent was wholly outside of the taxing jurisdiction or taxing district of Stanley county, and was therefore not taxable at all in that county, and the amounts so paid by respondent to said Stanley county were in fact not a tax at all. Stanley county was wholly without jurisdiction or authority to levy and collect such sums as a tax against the property of respondent". (at p. 757).

On the other hand, you should consider whether your fact situation is one to which Article 7156 would apply. This Article covers a situation where land was assessed in a county according to the abstract of land titles and the tax paid thereon.

Since the land is actually located in Harris County and has not been assessed in that County, it should be assessed for county tax purposes by the Assessor of Harris County pursuant to Articles 7207, 7346, and 7347. Attorney General's Opinion

V-973 (1949). The adjoining county which assessed and collected the county tax has the authority to refund to the taxpayer, the amount of county tax erroneously collected.

4.

Your fourth question is:

"In the situation where real property is actually located in Harris County, but taxes thereon have been assessed and paid in the adjoining county, can the Harris County Tax Assessor back assess said real property, for State tax purposes?"

Our answer is "No".

Since the land has been assessed for State taxes and those taxes paid, the land may not again be assessed for State taxes. The authorities considered and cited in answer to your first question (supra) support this proposition.

## S U M M A R Y

### 1.

Real property upon which ad valorem taxes have been duly assessed and paid may not be back assessed even though the land was under-valued for tax purposes.

### 2.

The penalty and interest prescribed in Articles 7347 and 7348 against lands which are back assessed pursuant to Article 7207 and 7346 is mandatory.

### 3.

Real property located in Harris County which has not been assessed for county taxes by that county may be back assessed for such taxes.

4.

Real property actually located in Harris County, but heretofore thought to be in an adjoining county and upon which State taxes have been paid, may not be back assessed by Harris County for State taxes.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By W. E. Allen
W. E. Allen
Assistant

WEA:ck

APPROVED

OPINION COMMITTEE:
W. V. Geppert, Chairman
James Evans
Gordon Cass
John Banks
Roger Tyler
APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright