Opinion delivered March 27, 1888.

No. 2386.

L. B. Davis et al. *v.* S. J. Robinson et al.

1. Justice Courts — Service by Publication. — Construing articles 1572, 1617, 1659 and 152, of the Revised Statutes, *held,* that service may be obtained by publication in suits instituted in the court of a justice of the peace, under the same rules and restrictions that apply in district courts.

2. SERVICE BY PUBLICATION.—To effect service by publication, the citation must be published, and should be made for full twenty-eight days —once in each week for four weeks.

3. COLLATERAL ATTACK.—A judgment which contains recitations declaring service of citation on the defendant can not be attacked in a collateral proceeding by showing that no legal service was in fact made.

APPEAL from Johnson.  Tried below before the Hon. J. M. Hall.

This suit was brought by appellees to remove cloud from title and to recover one hundred and eleven acres of land alleged to have been sold under judgments rendered in a justice court, in favor of T. C. Donnell and against S. J. Robinson and one Blackburn and her husband.  It was alleged that the defendants in the suits, under which the sales were made, were non residents of the State when the suits were brought and judgments rendered, and had no notice of the institution of the suits; that the justice acquired no jurisdiction, and the land sold for a grossly inadequate price.  Judgment against the defendants for the land.

*Poindexter & Padelford,* for appellants.  [The written argument, only of appellants is on file.]

The judgments rendered in justice court in the cases of Donnell v. Blackburn and Donnell v. Robinson, and all the proceedings thereunder, are void, and may be attacked in any proceeding, wherein rights are claimed under them.

The citations were issued on the thirty-first, the last day of August, 1885.  They were made returnable the twenty-eighth day of September, 1885.  The officer was commanded to do an impossible thing, to wit:  To publish them for four successive weeks (*i. e.,* twenty-eight clear days), previous to return day. (Rev. Stats., arts.. 1235, 1245, 1264, 1577, 1617; Collins v. Miller, 64 Texas, 118; Stegall v. Huff, 54 Texas, 193; Parker v. Spencer, 61 Texas, 157; Stephens v. Stephens, 62 Texas, 337; Witt v. Kaufman, 25 Texas Supp., 384; Edrington v. Allsbrooks, 21 Texas, 189.)

Citation by publication, in cases where the defendants are non resident of the State of Texas, must be published for four weeks previous to return day, and the first publication must be four weeks, *i. e.,* twenty-eight days, before the first day of the court to which it is returnable.  Article 1235, Revised Statutes,

does not change the former law as to the length of time that such citation should be published, but simply regulates and prescribes how such citations should be published. Article 1235, Revised Statutes, is but a re-enactment of article 25, Paschal's Digest, and is so framed as to make it comply with and express the judicial construction which the Supreme Court had placed upon article 25, Paschal's Digest. (Stephenson v. Texas & Pacific Railway Company, 42 Texas, 162; Hill v. Faison, 27 Texas, 428; Allen v. Wyser, 29 Texas, 150; Simpson v. Mitchell, 47 Texas, 572.)

COLLARD, JUDGE. The justice court act provides that: "All rules governing the issuance and service and return of citations issued out of the district and county courts, and providing for acceptance of service and entering appearance shall, except where otherwise provided by law, govern also the justice courts in so far as they can be applied to the proceedings of said court." (Rev. Stats., art. 1572.) The authority for service by publication of proceedings from justice courts is recognized in article 1577, fixing the appearance day in such cases on the first day of the second term after such publication. Also, in article 1617 it is provided that "no judgment other than a judgment by confession shall be rendered by a justice of the peace against any party who has not entered an appearance or accepted or waived service, unless such party has been cited either personally or by publication." Again: "Article 1669, fixing venue, subdivision 8, declares that "suits against non residents or persons whose residence is unknown may be brought in the county and precinct where the plaintiff resides." Again: Article 152 provides that "the judges and clerks of the district and county courts and justices of the peace may issue writs of original attachment, etc., upon the plaintiff, his agent or attorney, making affidavit in writing, stating, 1. That the defendant is justly indebted to the plaintiff, etc. 2. That the defendant is not a resident of the State," etc. From the foregoing extracts from the Revised Statutes it is perfectly clear to us that the justice court can obtain service by publication under the same rules and restrictions that govern district courts.

The judge trying this case below decided that the justice court had no such authority. This was error. He also held that the two judgments read in evidence as a foundation for

the order of sale—the sale—and the deed of the constable to Donnell were null and void because the citations by publication were not published twenty-eight days before return day, the cases being tried at the next term after return day. The law requires that the "citation shall be published once in each week for four successive weeks previous to the return day thereof." We are of opinion the proper construction of the law is that the publication shall be for full twenty-eight days before return day, once in each week, for four successive weeks. The citations issued by the justice of the peace were inserted in the Cleburne Telegram, first on the second of September, 1885, and once in each week for three weeks thereafter, all the insertions being before return day, which was on the twenty-eighth of the month. They were not published full twenty-eight days, as required by the statute, before return day. Judgments were rendered against the defendants at the next succeeding term of the court, the defendants not appearing. Each judgment has the following recital: "And the defendant failed to appear, but wholly made default; and it appearing to the court that the defendant * * * has been duly and legally cited and served with citation as the law requires."

We are not prepared to say that even if the judgments had not recited the fact of service, the citation and return would show no service, and for that reason we can not say that, without the recitals in the judgments, the record would affirmatively show want of jurisdiction. The record would show that the court acted prematurely; that it should not have tried the cases before the next term after the judgments were taken, but it would not show there was in fact no service, the citations having been published four consecutive weeks and full twenty-eight days before rendition of the judgments. The citations and returns show that the justice tried the cases before the defendants were required to appear and make defense—not that there was no service. In Treadway v. Eastburn, 57 Texas, 212, the writ was dated July 24, 1866; the return of the sheriff was dated the twenty-fifth of July, 1866. It was apparent from the writ and the return that no service could have been made, and, judging from that alone, the court so declared, and held that, had the judgment been silent as to service, it would have been a nullity, and subject to collateral attack. However, the judgment in that case recited that defendant was "duly served

with process," and the Supreme Court held that the judgment being the last final act of the court upon the subject, it was conclusive of the fact stated.

In the case before us, the judgments recite that there was service, and it must be held that they import absolute verity in a collateral proceeding, as this evidently is. Defendants are allowed two years after the judgments obtained upon service by publication in which to have the proceedings reviewed, but such proceedings must be in the court that rendered the judgment, upon a proper showing.

Our conclusion is that the court below erred in holding the judgments of the justice of the peace void, and that the cause should be reversed and remanded for a new trial.

*Reversed and remanded.*