# APRIL, 1917

STOCKYARDS NATIONAL BANK v. P. A. PRESNALL ET AL.

No. 2503.  Decided April 25, 1917.

**1.—Citation by Publication—Personal Judgment.**

Personal judgment rendered against a citizen of Texas on citation by publication in accordance with its laws, was valid and sufficient to support a garnishment sued out thereon against his deposit in a Texas bank.  (P. 34.)

**2.—Judgment—Jurisdiction of Person—Citation.**

Where the judgment is silent as to the citation of defendant, its validity when attacked collaterally must be determined by the record, which may then be considered for that purpose.  (Pp. 34, 35.)

**3.—Citation—Publication—Return—Impossible Date.**

The sheriff's return on a citation by publication recited its publication once a week for four successive weeks (the legal requirement). The fact that the return also recited that the citation, which was issued on July 13th, came to .hand on that day and was published in a newspaper named on the 11th, 18th, and 25th days of July and the 1st day of August, did not contradict that recital nor show insufficient publication. The mention of an impossible date—July 11th, which was before issuance—might be disregarded, and publication on a possible day of that week presumed. Hopkins v. Cain, 105 Texas, .591, distinguished.  (Pp. 34, 35.)

**4.—Garnishment—Bank—Deposit—Offset.**

A bank summoned to answer garnishment on a judgment against its depositor can not offset against the deposit a debt of the depositor to such bank by a promissory note not yet due, where the depositor is not shown to be insolvent. The fact that he is a non-resident gives no such right. The contract expressed by the note protected the maker against demand for payment before its maturity.  (Pp. 35, 36.)

Error to the. Court of Civil Appeals for the Sixth District, in an appeal from Tarrant County.

Presnall and Mossner sued out garnishment against the bank on a judgment in their favor against Rogers. Judgment went for the gar-

nishee and plaintiffs appealed and secured a reversal and rendition in their favor, whereupon the bank obtained writ of error.

*William J. Berne,* for plaintiff in error.—The Nueces County District Court did not have jurisdiction of Rogers because he was cited by publication and publication was made for only three weeks. Hopkins v. Cain, 105 Texas, 591; Clark v. Thompson, 447 Ill., 25; Chaffee v. Bryan, 1 App. C. C. (White & W.), sec. 770; O'Leary v. Durant, 70 Texas, 409; Earnest v. Glaser, 32 Texas Civ. App., 378, 74 S. W., 605; Babcock v. Wolfarth, 35 Texas Civ. App., 512, 80 S. W., 642; Stoneman v. Bilby, 43 Texas Civ. App., 293, 96 S. W., 50; Bowden v. Patterson, 111 S. W., 182; Galveston v. Page, 18 Wall., 366; Edrington v. Allsbrooks, 21 Texas, 189; O'Neill v. Brown, 61 Texas, 40; Netzorg v. Geren, 26 Texas Civ. App., 119, 62 S. W., 789; Hill v. Faison, 27 Texas, 431; Stegall v. Huff, 54 Texas, 196; Stephenson v. Railway Co., 42 Texas, 169; Meyer v. Kuhn, 65 Fed., 705; 32 Cyc., 486, par. C; Harris v. Hill, 117 S. W., 908; 17 Ency. Pl. & Pr., 45; Byrnes v. Sampson, 74 Texas, 79; Allen v. Wyser, 29 Texas, 153; Stewart v. Anderson, 70 Texas, 597; Noble v. Union, etc., Co., 147 U. S., 165; Fowler v. Simpson, 79 Texas, 611; Houston, etc., Co. v. Davis, 132 S. W., 808; Bumpass v. Anderson, 51 S. W., 1103; Hunt v. Wickliffe, 2 Pet., 201; Guaranty Trust Co. v. Railway Co., 139 U. S., 137; Guaranty Trust Co. v. Buddington, 12 L. R. A., 776; Early v. Doe, 16 How., 610; Blackman v. Harry, 35 S. W., 290; Newman v. Crowls, 60 Fed., 220; City of Detroit v. Detroit, etc., Co., 54 Fed., 8; Colton v. Rupert, 27 N. W., 520; Mercantile Trust Co. v. South, etc., Co. (Ky.), 22 S. W., 314; Jordan v. Giblin 12 Cal., 100; Wilson v. Northwestern, etc., Co., 65 Fed., 38.

A garnishee can raise the question that the judgment against the defendant in the main suit is void. Sun, etc., Co. v. Seeligson, 59 Texas, 4. To the same effect are 14 A. & E. Ency. of Law, 2nd ed., p. 852; 20 Cyc., p. 1074.

The judgment against Rogers being void, no judgment can be rendered against the garnishee. Edrington v. Allsbrooks, 21 Texas, 186, 189; Rowlett v. Lane, 43 Texas, 274; Shoemaker v. Pace, 41 S. W., 498; Perry, etc., Co. v. Craddock, etc., Co., 34 Texas Civ. App., 442, 78 S. W., 966; Drake, Att., 7th ed., secs. 696, 460.

When the writ was served, Rogers being a non-citizen of the State of Texas, without property in this State save that in our possession, owing us a sum in excess of his deposit, we had the right to apply the deposit on said indebtedness, although the latter was not then due. Phoenix, etc., Co. v. Willis, 70 Texas, 17; Willis v. Weatherford, etc., Co., 66 S. W., 472; Moore v. United States, etc., Co., 113 S. W., 947; Bassett v. Hammond, 1 App. C. C. (White & W.), sec. 109; McLaughlin v. Swann, 18 How., 217; North Chicago, etc., Co. v. St. Louis, etc., Co., 152 U. S., 596; Schuler v. Israel, 120 U. S., 506; Neely v. Bank, 25

Texas Civ. App., 513, 61 S. W., 561; Drake on Attachment, 7th ed., 452, 458, 683; Medley v. American, etc., Co., 27 Texas Civ. App., 384, 66 S. W., 90; 5 Cyc., 555; 14 Am. & Eng. Ency. of Law, 2nd ed., 845; 1 Morse on Banking, 4th ed., sec. 346A; Wanzer v. Truly, 17 How., 584; Fidelity, etc., Co. v. New York, etc., Co., 125 Fed., 278; McBride v. American, etc., Co., 127 S. W., 234; Owen v. Bank, 36 Texas Civ. App., 490, 81 S. W., 988; Quick v. Lemon, 105 Ill., 578; Taylor v. Stowell, 4 Metc. (Ky.), 175; Smith's Exrs. v. Field, 6 Dana (Ky.), 361; Robbins v. Holley, 1 T. B. Mon. (Ky.), 191; Collins v. Farquar, 4 Litt. (Ky.), 153; Tribble v. Taul, 7 T. B. Mon. (Ky.), 455; Aldridge v. Birney, 7 T. B. Mon. (Ky.), 344; Merrill v. Souther, 6 Dana (Ky.), 305; Forbes v. Cooper (Ky.), 11 S. W., 24; Livingstone v. Marshall, 82 Ga., 281; Bibb v. Lima, etc., Works, 30 S. E., 676; Edminson v. Baxter, 4 Hay. (Tenn.), 112; Davis v. Milburn, 3 Iowa, 163; Blount v. Windley, 95 U. S., 177; Williams v. Neely, 134 Fed., 1; Brown v. Pegram, 149 Fed., 515; Porter v. Roseman, 74 N. E., 1105; Ewing, etc., Co. v. Lewisville, etc., Co. (Ark.), 124 S. W., 509; Plattner, etc., Co. v. Bradley, etc., Co., 90 Pac., 86; Brewster v. Lanyon, 140 Fed., 801, 816; Fitzgerald v. Wiley, 22 D. C. App., 329; Brown v. Mann, 152 Fed., 145.

*Slay, Simon & Wynn*, for defendants in error.—The defendant Rogers having on deposit in the garnishee bank at the time the writ was served, the sum of seven hundred and seventy-seven and 89/100 dollars ($777.89) subject to his check and no debts owing by him to the bank being then due, garnishee was not entitled to hold said sum of money against plaintiffs and the same was subject to the writ of garnishment. Rev. Stats., arts. 225, 239, 220; Gause v. Cone, 73 Texas, 239, 11 S. W., 162.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

This was a garnishment suit by Presnall and Mossner against the plaintiff in error bank, after judgment obtained in another District Court against one Hugh Rogers. The writ of error was granted on the bank's application under, as we find, a misapprehension of the record. The judgment against Rogers, upon which the garnishment was based, was upon citation by publication. In granting the writ we were of the impression that at the time of the filing of that suit and the service by publication Rogers was a non-resident of the State. There is nothing in the record of that cause, however, showing that such was the fact; and the judgment, therefore, can not for this reason be held void upon collateral attack. Rogers was in fact at the time a resident of the State, according to an agreement contained in the record in the present case.

The record in the suit against Rogers does not disclose that the service of citation was invalid, defeating the court's power to render the judgment, as is the further contention of the plaintiff in error. The judg-

ment was silent as to the service. The record of the cause may, therefore, be consulted to determine its validity. But upon collateral attack it can not be determined except by the record. The record shows this and nothing more concerning the service:

The citation was issued July 13, 1907. Its return day was November 25, 1907. The sheriff's return recited that it came to his hands on the day of its issuance, and that it was executed by being published in a newspaper,—the paper being named,—once in each week for four successive weeks. The dates of the publication were then recited and were given as the *11th,* 18th, and 25th days of July, 1907, and the 1st day of August, 1907.

It was only necessary that the citation be published once a week for four consecutive weeks before the return day. The four successive weeks referred to in the return plainly included the week of July 13 as the first week of the publication. Had the publication been made upon any day in that week after the citation reached the sheriff, full twenty-eight days would have elapsed before the return day. The 11th of July was an impossible date for the publication in the first week, since the citation was not issued until the 13th day of that month. Its recital was evidently a clerical mistake. Being an impossible date, it will be disregarded. This, in effect, leaves the return without any recital as to the date of that publication. It amounts only to an omission to give the date. It does not show that there was no proper publication during that week. With the return otherwise positively affirming that the citation was published once in each week for four successive weeks, its publication upon a possible date during the first week will be presumed. Hopkins v. Cain, 105 Texas, 591, 143 S. W., 1145, does not control the question as it is presented by this record. There the specification of the dates of the publication given in the sheriff's return showed clearly that the publications were not made in consecutive weeks and were insufficient in number.

The contest in the present suit concerns a general deposit to Rogers' credit in the bank when the garnishment was served. At the time of the service of the writ Rogers was indebted to the bank upon two notes, neither of which had matured. He was then a citizen of Oklahoma. No contention is made that he was insolvent. We decline to hold that the mere fact of his non-residence entitled the bank to offset the deposit against the unmatured notes and thus destroy the effect of the garnishment. It is a primary rule that a debt must have matured to be available as a set-off. An exception is made where the debtor is insolvent. But this is upon the equitable ground that, otherwise, the debt can not be collected. No such equitable consideration is presented by the mere non-residence of the debtor. We allow the seizure of the property of a non-resident by the extraordinary writ of attachment only upon affidavit that the debt sued upon will probably be lost unless the attachment issues, and permit no judgment appropriating his property in such a case until the debt has matured. If a bank may offset the deposit of

a non-resident against his unmatured note, such a depositor would never know when he could with safety draw against his deposit.. The contract expressed by a note protects the maker against the demand for payment until its maturity. Non-residence has some disadvantages, but hardly that of itself absolving the other party from a contract. The deposit was subject to the garnishment.

The judgment of the Court of Civil Appeals is affirmed.

*Affirmed.*