## HENRY et al. v. BEAUCHAMP.
### No. 865.

Court of Civil Appeals of Texas. Eastland.
May 8, 1931.

Rehearing Denied June 12, 1931.

Clyde E. Thomas, of Big Spring, for appellants.

L. B. Allen, Roy F. Formway, W. B. Ferrell, all of Roby, for appellee.

FUNDERBURK, J.

J. V. Beauchamp brought this suit against Walter Henry et al. to try title to land in Fisher county. Defendants answered by general demurrer and plea of not guilty. They filed a separate special pleading, entitled "Supplemental Answer of Defendants," in which it was alleged that the defendants were "the sole living children and heirs of Elma M. Henry, deceased, who, while living, was the wife of Ed Henry," and that Ed Henry and Elma M. Henry, at the date of the death of the latter, owned as community property the land described in plaintiff's petition. The pleading then refers to a purported will of Elma M. Henry, and alleges that it "is void, and has never been legally probated, and is of no effect whatsoever." The allegations to show the invalidity of the will, apart from the question of its probate, are immaterial, since no questions arise thereon. With reference to the probate of the will, two orders of the county court of Fisher county, purporting to probate and establish the will, were referred to and described, and copies thereof attached as exhibits to the pleading. It was alleged that same "were rendered without any notice or citation of any character to them (i. e. the defendants), or to the public generally, and that, as shown by the record of said cause, the only citation or notice published was" one provided to be issued upon applications for letters of administration, and not upon applications for the probate of wills, same being set out in haec verba. It was further alleged that said judgments of the trial court "do not find or recite issuance or service of citation notice, and the record in said cause affirmatively shows that there was no legal notice or citation issued or served prior to the purported proving and probating of said will, and therefore the said purported judgments of said court are rendered without jurisdiction and are void." The trial court sustained a general exception to the foregoing pleading, after which, upon the trial, judgment was rendered for plaintiff. The defendants have appealed. For convenience the parties will be referred to as in the trial court.

The only propositions relied upon for a reversal of the judgment refer to assignments of error complaining of the action of the court in sustaining the exceptions to appellant's said "supplemental answer."

It may be well in the beginning to state briefly some of the rules or principles of law which are regarded as having been recognized and settled by the decisions in this state, and by which the said action of the court below should be tested.

County courts being, as they are under the Constitution, probate courts, are, as such, courts of general jurisdiction in matters pertaining to estates of decedents. Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325; Murchison v. White, 54 Tex. 83.

A judgment of a domestic court of general jurisdiction on subject-matter within the ordinary scope of its power is entitled to such absolute verity that, in a collateral action, even where the record is silent as to notice, the presumption, unless contradicted by the record, is conclusive that the court had jurisdiction of the person. Wilkerson v. Schoonmaker, 77 Tex. 615, 14 S. W. 223, 19 Am. St. Rep. 803; Martin v. Robinson, 67 Tex. 368, 3 S. W. 550.

Where such judgment of a court of general jurisdiction recites that the defendant was served with process, appeared or answered, etc., the fact so recited is conclusive, even as against other portions of the record showing the contrary. Treadway v. Eastburn, 57 Tex. 209. Unless such judgment also recites a particular service, which, if found in the record and identified as that recited, will, according to its sufficiency or insufficiency, determine the validity of the judgment. Fowler v. Simpson, 79 Tex. 611, 15 S. W. 682, 23 Am. St. Rep. 370.

But, where the judgment of such a court contains no recital of service (to use the language of numerous decisions), the entire record must be looked to, "and, if that shows a failure to observe the law in a material point, the judgment must be held to be void." Hopkins v. Cain, 105 Tex. 591, 143 S. W. 1145, 1147.

In no case can the judgment of such a court, having potential jurisdiction, or, in other words, coming within the second class of cases discussed by Judge Denman in Templeton v. Ferguson, 89 Tex. 47, 33 S. W. 329, be impeached collaterally by proof of facts aliunde the record. Templeton v. Ferguson, supra; Fitch v. Boyer, 51 Tex. 336. In other words, when, because of the failure of a judgment to recite service, the record may be looked to in order to show jurisdiction, such record must constitute the sole evidence, if any, of the want of service, and the consequent invalidity of the judgment. Stockyards National Bank v. Presnall, 109 Tex. 32, 194 S. W. 384.

A consideration of these rules or principles raises an interesting inquiry concerning burden of proof. In the case of a judgment containing no recital of service, or other finding from which would arise a conclusive presumption of jurisdiction, is the party offering it under the necessity of offering also enough of the record (other than the judgment) to show that the court had jurisdiction? Or, stated differently, if such judgment alone be offered, is an objection to its admissibility good which merely insists that it does not appear therefrom that the court rendering it had jurisdiction? Or, on the other hand, is the burden upon the party objecting to the admissibility of such judgment to produce the (record) evidence to show affirmatively that the facts did not exist which would have given the court jurisdiction? These questions, apparently simple, are by no means free from difficulty. Consider, for instance, the implication of certain expressions found in cases like this: "The judgment was silent as to the service. *The record of the cause may, therefore, be consulted to determine its validity.*" (Italics ours.) Stockyards National Bank v. Presnall, supra. Who should consult the record? Why consult any other part if the record of the judgment alone be admissible? If such judgment alone be not admissible, how can any question as to the burden of proof be involved?

But we think it may be regarded as settled that the burden of proof is upon the party who objects to the admissibility of a judgment to prove from the record the facts to show that the judgment is void. Hopkins v. Cain, supra; Moore v. Hanscom, 101 Tex. 293, 106 S. W. 876, 878, 108 S. W. 150; Bouldin v. Miller, 87 Tex. 366, 28 S. W. 940, 941. In the first case cited it is said: "However, as a collateral attack on that judgment, this court is confined to the record of that case *with the burden on the plaintiffs in error.*" (Italics ours.) In Moore v. Hanscom, supra, it was said: "The burden did not rest upon Moore and Marx to prove the existence of the facts, which under the statute would sustain the order, but it rested upon the plaintiffs Hanscom and the Fidelity & Guaranty Company to prove that they did not exist by something which appears of record in the case." In the Bouldin Case, Judge Denman said: "The law, in the absence of proof, presumes that all jurisdictional facts existed. If notice was a jurisdictional fact, the defendant, relying upon the judgment, was not called upon to establish such notice, nor to show the order of sale to have been entered at such a time as to make notice possible; but the burden was upon plaintiffs to establish the fact that notice was not given."

Some of the foregoing rules may, under certain conditions, and in some respects, be changed or modified as to judgments probating wills, by reason of certain statutory provisions. It is provided by statute (R. S. 1925, art. 3348) that: "Before admitting a will to probate, it must be proved to the satisfaction of the court," among other things: "That ci-

tation has been served and returned in the manner and for the length of time required by law." It is also provided that: "All the testimony in the case, shall be recorded in the minutes." (R. S. 1925, art. 3351.) There is thus clearly manifested the purpose of the Legislature to have preserved as a matter of permanent record the precise evidence upon which the probate court, in ordering the probate of a will, concludes, among other essential things, that: "Citation has been served and returned in the manner and for the length of time required by law." Such record, when made, would, we think, be just as conclusive as recitations in the order of probate, if not more so. The rule declared in Treadway v. Eastburn, supra, would, in such a case, in principle, we think, be inapplicable. Why require such evidence to be so carefully preserved if, when preserved, it would nevertheless be completely controlled by a possibly unwarranted conclusion therefrom stated by the court in its judgment? The principle upon which Fowler v. Simpson, 79 Tex. 611, 15 S. W. 682, 23 Am. St. Rep. 370, was distinguished from Treadway v. Eastburn, 57 Tex. 209, would, by analogy, seem to be applicable here.

Under the principles above stated, let us consider for a moment how, as a matter of practice, a collateral attack may be made upon a judgment in cases where allowed. It occurs to us that this may be done in at least two different ways. Without pleadings the party desiring to object to a judgment may do so, and, for the purpose of showing the validity of the objection, may himself introduce, preliminarily, the portions of the record which affirmatively show the court's lack of jurisdiction. It must be remembered we are dealing with judgments absolutely void, and since the whole world must take notice of such invalidity, no reason is perceived why there must be any pleading to give notice to an adverse party of the claim of such invalidity. But since, as we have shown, the burden is upon the party objecting to the judgment to prove from the record the facts showing its invalidity, certainly such facts may be pleaded, and their sufficiency tested by the allegations of the pleading. A general demurrer to such a pleading would, we think, be governed by the same principles, as in case of any other pleading.

By the special pleading in question the defendants have pursued the last-named practice. They alleged, among other things: "That, as shown by the record of said cause, the only citation or notice published was," etc.,—describing one which we are compelled to hold was no notice whatever,—and that, "the record in said cause affirmatively shows that there was no legal notice or citation issued or served prior to the purported proving and probating the said will," etc. (Italics ours.) The general demurrer admitted the truth of these allegations. The effect of the court's judgment in sustaining them was to hold that, even if true, the judgment was not void. We have concluded that, if, in fact, the record does affirmatively show, as alleged, that the only citation and return upon which the will was probated was that described in the pleading, being one having no application whatever to the probate of a will, but which gave notice of the filing of an application for the appointment of an administrator, the judgment would thereby be shown to be void. Such a citation would not only fail to notify interested parties of the proposed action of the court, but would be positively deceptive and misleading. We are therefore forced to conclude that the court below erred in sustaining the exceptions.

We have had some difficulty in determining whether the error may not, under the record presented, be regarded as harmless. Plaintiff introduced his entire title without objection, and his evidence disclosed no fact showing any invalidity in the judgment in question. The defendants then introduced a purported citation and return corresponding to that alleged in their said pleading. It appears in the statement of facts prefaced with the purported statement of defendant's attorney that, "The defendants now introduce in evidence the citation or notice in probate Cause No. 274, *as being the only notice or citation found among the papers of Cause No. 274,*" etc. (Italics ours.) If the judgment appealed from was under attack only upon assignments that there was no evidence, or insufficient evidence to sustain it, we would, not hesitate, as the case is presented, to affirm the judgment. To our minds it falls far short of an affirmative showing from the record that the particular citation was the one upon which the court rested its judgment, or, what is the same thing, that there was no other sufficient service. Hambel v. Davis (Tex. Civ. App.) 33 S. W. 251. We will not here undertake to enter into a discussion of the character and quantum of evidence necessary to show that the judgment in question was void further than has already been indicated in holding that, if the allegations of defendants' pleading were established, same would show that the judgment was void. We find ourselves wholly unable to say that, regardless of the action of the court complained of, defendants offered all the evidence that they otherwise would have to show that the court was without jurisdiction to render the judgment.

It is therefore our opinion that the judgment of the trial court must be reversed and the cause remanded, which is accordingly so ordered.