## EWING et al. v. MOODY.

### No. 10777.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 27, 1940.

Rehearing Denied Jan. 8, 1941.

James A. Harley, of San Antonio, and Seale & Wood, of Corpus Christi, for appellants.

Terrell, Davis, Hall & Clemens and Leroy Jeffers, all of San Antonio, for appellee.

SMITH, Chief Justice.

This appeal is from an order overruling the plea of privilege of Ethel Moody Ewing (and her husband) to be sued in Nueces County, conceded to be her domicile, in a suit brought against her by Thomas Lawson Moody, Jr., in a District Court of Bexar County.

The action was brought by Moody against Mrs. Ewing to establish ownership of and recover title to 23¾ shares of the capital stock of Dr. Moody's Sanitarium, a corporation domiciled and operating its business exclusively within Bexar County. It appears that this stock had been

previously pledged with Mrs. Ewing as collateral for a debt which Moody contends has now been discharged, and that Mrs. Ewing still has possession of the certificate and claims ownership of the stock. The record does not show where the certificate is now physically located, however.

Appellee, Moody, will be referred to as plaintiff, and appellant, Ewing, as defendant, as in the court below.

Plaintiff sought to sustain venue in Bexar County under the tenth exception to the general venue statute, Subd. 10, Art. 1995, R.S.1925, which provides that "suit for the recovery of personal property may be brought in any county where the property may be or where the defendant resides."

Plaintiff contends that this suit comes within the tenth exception, because it is "a suit to recover shares of stock in a corporation, is a suit for the recovery of personal property; said shares of stock are located in the county of the domicile of the corporation; and, hence, venue of such suit may be fixed in the county of the corporation's domicile regardless of the residence of the defendants or the physical location of the stock certificates."

On the other hand, defendant contends that "shares of stock in any Texas corporation have their situs where the person of their Texas resident owner is, which in this case would be in Nueces County. Secondly, defendants contend, in any event, shares of stock being by nature of incorporeal rights or choses in action do not fall under Subdivision 10 of Art. 1995, R. C.S. of Texas, 1925, relating to actions to recover personal property, * * *."

It is provided by statute:

"Art. 1334. * * * Stock and Certificates

"The stock of any corporation created under this Title ['Corporations—Private'] shall be deemed personal estate * * *. Every shareholder in the corporation shall be entitled to have a certificate or certificates representing the number of shares owned by him * * *." As amended Acts 1939, 46th Leg., p. 134, § 1 (Vernon's Ann.Civ.St. art. 1334).

■ We hold that shares of the capital stock of a corporation constitute personal property within the contemplation of the 10th exception of the venue statute. , Art. 1334, supra; Jellenik v. Mining Co., 177 U.S. 1, 20 S.Ct. 559, 44 L.Ed. 647.

■ Therefore, under that exception, suits such as this, to establish and recover ownership of such shares, may be brought in the county where such shares "may be" —are situated.

We hold, further, that as a matter of law and within the contemplation of the tenth exception to the venue act, the shares of the capital stock of a corporation are deemed to be in the domicile of the corporation in which its assets are situated. Anno., 122 A.L.R. 338; 7 R.C.L. p. 197, § 167; 20 Tex.Jur. p. 722, § 21; A.L.I. Restatement Conflict of Laws, p. 84, § 53; Cook on Corporations (8th Ed.) p. 73, § 12; Jellenik v. Mining Company, supra; Turner v. Trust Co., Tex.Com.App., 215 S.W. 831; Presnall v. Stockyards Nat. Bank, Tex.Civ.App., 151 S.W. 873, affirmed 109 Tex. 32, 194 S.W. 384. Giving effect to these holdings, we conclude that venue of this cause was properly laid in Bexar County, where the corporation issuing the shares involved has its principal office and all its business and activities are located and conducted. Appellants' first proposition will be overruled.

■ In his trial petition plaintiff alleged, purely in the alternative, a cause of action for conversion, but as no proof was offered thereunder at the hearing of the plea of privilege, those allegations cannot be given effect in determining venue.

■ The plaintiff below simply proved the nature of the cause of action to recover personal property in the nature of corporate shares by introducing his petition, in connection with his controverting affidavit. The plaintiff further proved that the corporation issuing the shares of stock was domiciled and operated exclusively in the county of suit. This showing constituted sufficient evidence of the venue facts of the case. 43 Tex.Jur. pp. 741, 846, 863, §§ 26, 110, 120. We overrule defendants' second proposition.

The judgment is affirmed.