**KIMBROUGH v. NEILL et al.**

No. 2988.

Court of Civil Appeals of Texas.
Eastland.

Feb. 6, 1953.

Rehearing Denied Feb. 27, 1953.

W. D. R. Owen, Eastland, for appellant.

Conner & Conner, Eastland, for appellee.

GRISSOM, Chief Justice.

On November 7, 1947, the State of Texas, et al., filed suit against Marjorie Harvey Neill and others, for taxes alleged to be

due on 20 acres of land. The petition contained the allegation that *"the residences of the above named persons, except where stated,* and the names of the above mentioned unknown heirs and unknown owner or owners, *being unknown to the attorney filing this suit"* and to the plaintiff tax units. (Italics ours.) Mrs. Neill was named "above" but her residence was not stated. Citation was issued and served on Mrs. Neill by publication. Judgment was rendered against Mrs. Neill and others foreclosing the alleged tax liens on the 20 acres as described in the judgment and it was sold by the sheriff to W. C. Kimbrough and the sheriff executed a deed to him. The tax judgment was rendered on December 11, 1947. On April 10, 1951, Mrs. Neill, joined by her husband, filed this suit in trespass to try title to the 20 acre tract against Mr. Kimbrough. In a trial to the court, judgment was rendered awarding title and possession to Mrs. Neill and Kimbrough has appealed.

It was agreed that the common source of title was in Phillips Petroleum Company, which conveyed a 20 acre tract to M. N. Harvey when he was the husband of Mrs. Neill. The evidence showed said land was their community property; that they had no children; that Mr. Harvey died and his wife inherited his interest in the community and that, thereafter, she married Alexander Neill.

At the close of plaintiff's testimony, Kimbrough introduced the tax judgment, order of sale, sheriff's return, and the sheriff's deed to Kimbrough. In this connection see Mills v. Pitts, 121 Tex. 196, 48 S.W.2d 941, 84 A.L.R. 319.

Appellant presents many points complaining of the admission of testimony introduced by Mrs. Neill (1) to the effect that no personal citation was issued for her; (2) that the judgment record showed only citation by publication; (3) that the State and County taxes for the years 1934 to 1945, inclusive, were paid by Mrs. Neill on land described as 20 acres out of the R. G. Teston Survey, Abstract 1430, in September, 1946, before the tax suit was filed. The land involved in this suit is approximately 4 acres out of said Teston Survey and 16 acres out of the Thomas Benson Survey, Abstract 21, in Eastland County, Texas. Appellant complains of the admission (4) of certificates of redemption showing payment of the State and County taxes from 1934 to 1945, both inclusive, on land described therein as 20 acres out of the R. G. Teston Survey, Abstract 1430. Appellant also assigns as error the court's finding (5) that Mrs. Neill and her husband lived on the 20 acres until 1949, asserting that there is no evidence to support such finding and that the only evidence relative thereto was Mr. Neill's testimony to the effect that he and his wife moved to Kerr County and had lived there since 1947, and there is no evidence they ever lived on the 20 acres. Appellant further assigns as error the court's conclusion (6) that Mrs. Neill, having been sued as a known owner of the land, was entitled to recover title and possession because she was not personally served with citation and was, therefore, not a party to the tax judgment. Points (1), (2) and (6) mentioned above are sustained.

Appellant's principal contention is that the tax judgment, reciting on its face that Mrs. Neill was duly served with citation by publication and, being regular on its face, is entitled to absolute verity and cannot be collaterally attacked. As an abstract proposition, it is, unquestionably, correct.

Appellees contend the court did not err in decreeing title in Mrs. Neill because it is undisputed that she was a known owner whose address was known; that she was sued as a known owner, and, no personal citation having been served, citation by publication was not authorized and the tax judgment was void as to her and the sale thereunder passed no title to Kimbrough. In this connection appellees argue that no affidavit of the tax attorney was shown to have been made before citation was issued, and, therefore, citation by publication was not authorized. Appellees further contend that citation in the tax suit was regulated by Art. 7345b and that Mrs. Neill, being a known owner, citation by publication was not authorized and that, the court having found that Mrs. Neill and her husband lived

in Eastland County until 1949 and that their post office address was Cross Plains, Texas, her residence was shown to have been known. These contentions are overruled, but we think citation was governed by said statute.

Appellees contend that the petition in the tax suit shows that Mrs. Neill and her former husband were named defendants and that the petition "does not recite that their residence is unknown; that there is not any essential allegation of facts authorizing citation by publication, nor is it shown that the attorney filing the suit made the affidavit required as a prerequisite to citation by publication." As heretofore shown, the tax petition did contain the specific allegation that the residence of Mrs. Neill was unknown to the attorney filing the suit and to the plaintiff tax units. The first paragraph of Section 3, Art. 7345b, as amended Acts 1939, 46th Legislature, page 661, which became effective in 1939, reads:

"The laws governing ordinary foreclosure suits in the District Courts of this State shall control the question of parties, issuance, and service of process and other proceedings in tax suits, save and except as herein otherwise provided. The following special provisions shall apply to and govern the question of parties and issuance and service of process in tax suits:"

Paragraph (d), Section 3, Art. 7345b provides, in part:

" * * * where the residence of any defendant is unknown to such attorney, * * * and such facts are recited in the petition, service of notice by publication is hereby authorized * * *."

At the end of said Article, in Vernon's Annotated Revised Civil Statutes, there is the notation that it was repealed in part by Texas Rules of Civil Procedure, rule 117a. But, R.C.P. 117a could not provide the manner of citation in this suit because it became effective on December 31, 1947, twenty days after the tax judgment was rendered. R.C.P. 110 provides that where by statute or by the Rules of Civil Procedure citation by publication is authorized and they do not specify the requisites of such citation or the method of service, or where they direct that citation be issued or served as in other civil actions, the provisions of these rules shall govern. Art. 7345b specifies the method of service and the requisites of citation. R.C.P. 110 further provides that where the statute authorizing citation by publication specifically provides the requisites of such citation and service differing from the provisions of Rules 114, 115 and 116, "these rules shall not govern, but the special statutory procedure shall continue in force; provided, however, *that Rule 117a shall control with respect to citation in tax suits."* (Italics ours.) The italicized provision of R.C.P. 110 was added after rendition of the tax judgment. As heretofore pointed out, Rule 117a did not become effective until after the rendition of the tax judgment and neither R.C.P. 117a nor said italicized addition to R.C.P. 110 could provide the manner of citation in said tax suit. Following Rule 110 there is a note to the effect that Rule 110 and R.C.P. 2 continues in effect Art. 7345b, Section 3, Paragraph (d), stating the requisites of a citation by publication in tax suits. The last sentence of R.C.P. 2 reads: "All statutes in effect immediately prior to September 1, 1941, prescribing rules of procedure in tax suits are hereby continued in effect as rules of procedure governing such cases, but where such statutes prescribed no rules of procedure in such cases, these rules shall apply; provided, however, that Rule 117a shall control with respect to citation in tax suits." 7345b, Sec. 3, Par. (d), does prescribe the method of citation and its requisites. In Franki's Vernon's Texas Rules of Civil Procedure, 1948 Supplement, Pages IX and X, there is shown an order of the Supreme Court adopting amendments and listing statutes repealed and on page X is listed Art. 7345b and, particularly, parts of Sections 3 and 4 thereof. But, this order did not become effective until after the rendition of the tax judgment. On page 775 of the same volume there is a list of repealed statutes and it is there recited that Art. 7345b has been repealed to the extent that it is in conflict with the

rules *effective December 31, 1947*. (Italics ours.) The tax judgment was rendered December 11, 1947.

Art. 7345b is a special statute that provides the manner of citation in tax suits and controlled at the time the tax suit was filed and the judgment was rendered.

█ If for any reason Art. 7345b, Section 3, Paragraph (d), which authorizes citation by publication where the residence of a defendant is unknown to the tax attorney and such fact is recited in the petition, as was done in the tax case, should be held not applicable, the statutes applicable to foreclosure suits generally permit citation by publication of a defendant whose residence is unknown. Art. 7345b, Sec. 3, provides that the laws governing foreclosure suits shall control the service of process in tax suits, "except as herein otherwise provided." See 33 Tex.Jur., 853, 855. Citation by publication being authorized, and the tax judgment having recited on its face that Mrs. Neill was duly served with citation by publication, the recital of due service by publication was conclusive and all evidence dehors the record tending to impeach such recital was inadmissible. Davis v. Robinson, 70 Tex. 394, 397, 7 S.W. 749; Stockyards Nat. Bank v. Presnall, 109 Tex. 32, 194 S.W. 384; 25 Tex.Jur., 853, 869; Switzer v. Smith, Tex.Com.App., 300 S.W. 31, 68 A.L.R. 377.

In Empire Gas & Fuel Co. v. Albright, 126 Tex. 485, 87 S.W.2d 1092, 1096, the court said:

"But where judgments are collaterally assailed their jurisdictional recitals are not open to attack but import absolute verity. Levy v. Roper, 113 Tex. 356 at page 361, 256 S.W. 251; Brown v. Clippinger, 113 Tex. 364, 256 S.W. 254." See also Bemis v. Bayou Development Co., Tex.Civ.App., 184 S.W. 2d 645, 648; State Mortgage Corporation v. Affleck, Tex.Com.App., 51 S.W. 2d 274, 276; Herbert v. Smith, Tex. Civ.App., 183 S.W.2d 191, 194.

In 68 A.L.R. 390, is this statement:

"There is a long line of authorities to the effect that a recital in a judgment of a court of general jurisdiction as to the service of process is, upon a collateral attack, conclusive, and not subject to impeachment."

On page 395 of 68 A.L.R. is this statement:

"In every jurisdiction in which the question has been decided, with the exception of Texas, it is held that a recital in a judgment of service of process may be impeached, even upon a collateral attack by a positive contrary showing of the remainder of the record upon which the judgment is based." See Robinson v. State, Tex.Civ.App., 143 S.W.2d 629 (D.C.J.); State Mortgage Corporation v. Traylor, Tex.Civ. App., 32 S.W.2d 887 (W.R.); 120 Tex. 148, 36 S.W.2d 440; Rolison v. Puckett, 145 Tex. 366, 198 S.W.2d 74.

The judgment record in the tax suit does not conflict with the recitals of service in the judgment.

█ From the foregoing, it is apparent that the judgment must be reversed unless appellees' second counter point, to the effect that the land having been duly assessed and the taxes paid under an erroneous description before the tax suit was filed was not subject to the statutory provision of Chapter X, Title 122, entitled "Delinquent Taxes," and the tax judgment was void because the court did not have jurisdiction, be sustained.

Art. 7338 of said Title and Chapter provides:

"Real estate which may have been rendered for taxes and paid under erroneous description given in assessment rolls, or lands that may have been duly assessed and taxes paid on one assessment, or lands which may have been assessed and taxes paid thereon in a county other than the one in which they are located, or lands which may have been sold to the State and upon which taxes have been paid: and through error not credited in the assessment rolls, shall not be deemed subject to the provisions of this chapter."

But for such statute, proof that taxes were paid prior to the filing of a tax suit

would not be admissible in a collateral proceeding because the question whether the taxes were paid would be held to have been decided in the tax case. But, this statute provides that if the taxes have been paid under the circumstances stated therein, then the court has no jurisdiction to render the tax judgment, and, therefore, payment may be proved in a collateral proceeding. 26 A.L.R. 638, 639; Hill & Jahns v. Lofton, Tex.Civ.App., 165 S.W. 67, 70 (Writ Ref.); Hollywood v. Wellhausen, 28 Tex.Civ.App. 541, 68 S.W. 329 (Writ Ref.). If applicability of this statute is shown by proof of payment of taxes for all other years under the circumstances stated in the statute, there is, nevertheless, no proof that the taxes for 1946 were paid. Nor is it shown that taxes other than those due the County and State were paid.

Mrs. Neill, apparently, was the owner of the only 20 acre tract in either or both of said surveys. About 16 acres of Mrs. Neill's 20 acre tract was in the Thomas Benson Survey, Abstract 21, and about 4 acres was in the R. G. Teston Survey, Abstract 1430. In the tax petition the land was described only as 20 acres, Abstract 21, Thomas Benson. Below such description was the following: "Vol 368 page 529," and "Pioneer Sch Dist." Under "years delinquent" was the statement: "1935 through 1946."

In the tax judgment it was stated that judgment was rendered for delinquent taxes, penalty and interest covering "all years from 1919 through 1946." In the judgment the land was described as "Tract No. 9: 20 Acres Abst. 21 Thomas Benson as described in Vol 368 page 529, Deed Records Eastland County, Texas. All property located in Eastland County, Texas in platted city of Gorman except 20 acres Abst. 21." In another portion of the judgment is this recital: "This judgment is for 1946 and all prior years taxes." The return on the order of sale shows the property sold to W. C. Kimbrough was "Tract 10." In the order of sale the land was described as "Tract No. 10," otherwise, it was described as in the petition and judgment. In the sheriff's return the property sold was described as "20 Acres Ab 21 Thomas Benson as desc (Vol.368/529 Deed Records Eastland County, Texas All in platted City of Gorman except 20 acres in ab. #21 Eastland Co. Texas." The sheriff's deed to Kimbrough recites that by virtue of an order of sale executed on a judgment in favor of the "State of Texas" as plaintiff, and "Gorman Independent School District," as intervenors, for taxes, penalty, interest and costs of suit, the sheriff was ordered to seize and sell the land therein described as "20 acres Ab 21 Thomas Benson as desc. (Vol 368/529 Deed Records of Eastland County, Texas—$75.00."

If the deed referred to, which might disclose a definite and correct description of the land, is shown in the record, so that the 20 acres out of said two surveys can be identified, we have not found it. Without such means of identification in the record, there is an insufficient description of the 20 acres.

The case is not briefed so as to raise the question of invalidity of the tax sale because all of the State and County taxes sued for and recovered, except those for 1946, were paid. See 97 A.L.R. 842; 24 A.L.R. 638.

For the errors pointed out, the judgment is reversed. It not appearing that the case has been fully developed, but, on the contrary, it appearing that justice will be better served by a remand than a rendition of the judgment, it is so ordered.

The judgment is reversed and the cause remanded.

On Motions For Rehearing.

The statement in the original opinion that the description of the land involved in the tax case, as shown in Volume 368 at page 529 of the Deed Records of Eastland County, was not shown in the record is incorrect. The opinion is incorrect in the statement that it was shown that Mrs. Neill inherited Mr. Harvey's community interest in the land. The record does not disclose whether Mr. Harvey died testate or intestate and, if testate, that he devised such interest to his wife.

There is evidence indicating this land was sold under the tax judgment by the

sheriff to Garner and that Garner discharged the judgment. If these facts were conclusively shown, nevertheless, the record does not disclose whether the sale to Garner was before or after the sale to Kimbrough.

The motions for rehearing are overruled.